[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-15254

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2011
JOHN LEY
CLERK

D. C. Docket No. 98-08047-CR-DTKH

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MILLARD CHAVERS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 3, 2011)

Before TJOFLAT, BARKETT and FAY, Circuit Judges.

PER CURIAM:

Millard Chavers appeals his convictions and sentences for credit union

robbery in violation of 18 U.S.C. § 2113(d), conspiracy to commit credit union

robbery in violation of 18 U.S.C. § 371, and use of a firearm during and in relation

to a crime of violence in violation of 18 U.S.C. § 924(c).[1] Chavers argues on

appeal that his conviction should be reversed because:

(1)     the district court erred by allowing the government to introduce inadmissible, irrelevant, and prejudicial evidence;

(2)     the district court erred in dismissing a juror for displaying racial bias;

(3)     cumulative error warrants a new trial and the district court erred in failing to sua sponte grant a mistrial; and

(4)     the evidence was insufficient to support each conviction.

As to his sentence, Chavers argues that the district court erred by applying various

sentencing enhancements to Chavers's guidelines range. We affirm Chavers's

convictions, but vacate his sentence and remand to the district court for

resentencing.

## I. CONVICTIONS

Based on this record, we find that the district court was well within its

discretion in overruling Chavers's various objections to the testimony of co-

conspirator Lewis, police officer Donald Ammon, witness Joanne Oliphant, and

---

[1] Millard Chavers's convictions arose from an attempt to rob the Credit Union Center in Palm Beach Gardens, Florida, a federally insured credit union. Chavers was tried with his co-defendant, Michael Chavers ("Michael"), while a third-co-defendant, Timothy Lewis, pled guilty pursuant to a plea agreement and testified against both Chavers and Michael at trial. Lewis testified that on March 30, 1998, he was with Michael at a pool hall when Chavers asked them if they wanted to "get into something." Lewis stated that they were "all robbing banks at that time." Chavers suggested that they rob a bank, and they decided to rob the credit union.

detective Cecil Wagner, as well as in excluding testimony regarding the identity of the car-jacker, the amount of money Lewis made from selling cocaine, and what Lewis told his mother about his employment.

We likewise find no reversible error in the admission, as a prior consistent statement, of the testimony of Marty Darrisaw, who testified that Lewis had told him of the robbery days after the event. "The district court has broad discretion in determining the admissibility of a prior consistent statement under Fed. R. Evid. 801(d)(1)(B) and will not be reversed absent a clear showing of abuse of discretion." United States v. Belfast, 611 F.3d 783, 816 (11th Cir. 2010) (quotation marks omitted). Lewis made the statement at issue before he started cooperating with the government and before he had any motive to fabricate his statement. The district court thus did not abuse its discretion in permitting Darrisaw's testimony.

With reference to the district court's removal of a juror, there was more than ample support for this decision based on the evidentiary hearing held by the district court, which disclosed the racial bias of the removed juror. Finally, having found no error, there can be no cumulative error. United States v. Waldon, 363 F.3d 1103, 1109-10 (11th Cir. 2004).

We also find sufficient evidence to support each conviction. As to the

3

convictions for credit union robbery and conspiracy to commit credit union robbery, the jury was free to credit Lewis's testimony describing the robbery attempt in detail and implicating Chavers in the conspiracy. This testimony was corroborated by independent evidence, including testimony that (1) linked the two cars to the robbery; (2) identified Michael's footprint at the credit union; (3) described how the three men fled the scene of the Mitsubishi car accident, and explained that one of the ski masks discarded by these individuals contained Chavers's DNA; and (4) described the discovery of guns and items belonging to the credit union in the Mitsubishi, including a bank envelope containing Chavers's palm prints. As to the conviction for use of a firearm during and in relation to a crime of violence, the jury was similarly free to believe Lewis's testimony that Chavers hit a bank teller with his gun while trying to get him to open the vault, which was corroborated by the bank teller's own testimony.

## II. SENTENCING

As to sentencing, Chavers argues that the district court violated his Fifth and Sixth Amendment rights when it applied various sentencing enhancements under U.S.S.G. § 2B3.1, on the grounds that these enhancements were not pled in the indictment or submitted to a jury. The enhancements applied by the district court did not raise Chavers's sentence above the statutory maximum, and thus the district

4

court was not required to submit them to the jury. See United States v. Underwood, 446 F.3d 1340, 1344-45 (11th Cir. 2006) (holding that under Apprendi v. New Jersey, 530 U.S. 466 (2000), the district court must submit to a jury only facts that increase the penalty for a crime beyond the statutory maximum). In addition, unindicted conduct can serve as a basis for sentencing enhancements. United States v. Nyhuis, 8 F.3d 731, 744 (11th Cir. 1993). Accordingly, the district court did not err in overruling Chavers's constitutional challenges to these sentencing enhancements.

Likewise, we find that the district court did not err in applying a two-level sentencing enhancement under U.S.S.G. § 2B3.1(b)(5) for an offense involving a car-jacking. Given the significant efforts by the robbers to avoid detection, we cannot say the district court clearly erred in finding that it was reasonably foreseeable that a co-conspirator might resort to car-jacking should the original escape plan go awry. See United States v. Cover, 199 F.3d 1270, 1274 (11th Cir. 2000).

Finally, Chavers argues that the district court erred in applying a six-level sentencing enhancement under U.S.S.G. § 2B3.1(b)(2)(B) based on the fact that his co-defendants carried firearms during the credit union robbery. Chavers argues that his conviction under 18 U.S.C. § 924(c) precludes application of this

5

enhancement. When Chavers was sentenced, this Court's precedent permitted the district court's application of the six-level enhancement. See Cover, 199 F.3d at 1276-78. However, the U.S. Sentencing Commission subsequently amended the commentary to U.S.S.G. § 2K2.4—the firearm sentencing guideline under which Chavers was sentenced for his 18 U.S.C § 924(c) conviction—to clarify that an enhancement under § 2B3.1(b)(2)(B) cannot be applied to a defendant based on the fact that his co-defendants carried firearms during the offense of conviction, if the defendant was also convicted under § 924(c) for use of a firearm during and in relation to the same underlying offense. United States v. Diaz, 248 F.3d 1065, 1107 (11th Cir. 2001). In the wake of this amendment, which applies retroactively, Chavers's conviction under § 924(c) for use of a firearm during or in relation to the credit union robbery precludes the district court's application of a six-level sentencing enhancement under U.S.S.G. § 2B3.1(b)(2)(B). See id. Accordingly, we vacate Chavers's sentence and remand to the district court for resentencing without application of the six-level enhancement under U.S.S.G. § 2B3.1(b)(2)(B).

Chavers's convictions are AFFIRMED. His sentences are AFFIRMED IN PART, and VACATED AND REMANDED IN PART.