[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-12489
Non-Argument Calendar
_____

D.C. Docket No. 0:12-cr-60225-DMM-2


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLIFTON LAMOTHE,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 22, 2014)

Before WILSON, JORDAN and FAY, Circuit Judges.

PER CURIAM:

Clifton Lamothe appeals his 84-month total sentence as procedurally and substantively unreasonable, after pleading guilty to two counts of robbery and one count of conspiracy to commit robbery, in violation of 18 U.S.C. § 1951(a). The district court grouped the conspiracy count with Lamothe's first robbery count as Group One for sentencing purposes, because they involved the same act or transaction. The second robbery count, labeled Group Two, was grouped separately because it constituted a separate harm. When calculating the sentencing guideline range, a base offense level of 20 was applied to each group, pursuant to U.S.S.G. § 2B3.1(a). A four-level increase was applied to Group One under U.S.S.G. § 2B3.1(b)(2)(D), because a dangerous weapon was "otherwise used," giving that group an adjusted offense level of 24. A seven-level increase was applied to Group Two, pursuant to U.S.S.G. § 2B3.1(b)(2)(A), because a firearm was discharged, yielding an adjusted offense level of 27 for that group. Pursuant to U.S.S.G. § 3D1.4, the greater of the adjusted offense levels was increased by two, because there were two units involved, leaving Lamothe with a combined adjusted offense level of 29. After a three-level reduction for acceptance of responsibility, his total offense level was 26.

On appeal, Lamothe argues that: (1) the district court erred by applying a seven-level increase to his offense level for Group Two of his grouped counts because a firearm was discharged; (2) the district court erred by applying a four-

2

level increase to his offense level for Group One of his grouped counts because a dangerous weapon was "otherwise used;" and (3) his sentence was substantively unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors.

We review the district court's application of the sentencing guidelines *de novo* and its findings of fact for clear error. *United States v. Ellisor*, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008).

## I.

We first consider whether the district court erred by applying a seven-level increase to Group Two because of a discharge of a firearm. Lamothe argues that it was not foreseeable that an officer would use a firearm to apprehend him and his co-conspirator, Michael Gonzalez, because Gonzalez did not "induce" the officer to fire, after they robbed a BP gas station and a convenience store with a BB gun. Gonzalez was shot by law enforcement in the shoulder after a police chase when he opened a passenger door of the getaway car and attempted to exit the car.

The offense level for robbery is increased by seven levels if a firearm was discharged. U.S.S.G. § 2B3.1(b)(2)(A). The sentencing guidelines make a criminal defendant responsible for "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused by the defendant," as well as, in the case of joint criminal activity, "all reasonably foreseeable acts and omissions of others in the furtherance of the jointly

3

undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(A)–(B). The category of "reasonably foreseeable" actions is not limited to actions that were expressly agreed to by the co-conspirators. Rather, an act is reasonably foreseeable if it is a necessary or natural consequence of the unlawful agreement. *United States v. Cover*, 199 F.3d 1270, 1275 (11th Cir. 2000) (per curiam), *superseded by regulation on other grounds as recognized in United States v. Chavers*, 416 F. App'x 863, 866 (11th Cir. 2011) (per curiam).

In *United States v. Williams*, 51 F.3d 1004 (11th Cir. 1995), *abrogated on other grounds*, *Jones v. United States*, 526 U.S. 227, 119 S. Ct. 1215 (1999), we held that a seven-level increase pursuant to U.S.S.G. § 2B3.1(b)(2)(A) was appropriate for a carjacker who brandished a gun next to the window of a truck at an intersection, causing the truck's passenger to open fire. *Williams*, 51 F.3d at 1011. Neither § 2B3.1(b)(2)(A) nor its commentary "specif[ied] who must discharge the firearm or when it must be" discharged, and when the defendant attempted to carjack the vehicle with his gun drawn, he induced the vehicle's passenger to fire his weapon, making the passenger's act attributable to him. *Id.* We elaborated on the meaning of "induced" in *United States v. McQueen*, 670 F.3d 1168 (11th Cir. 2012), stating that the term encompasses "the acts or omissions of another that are brought about, produced, or caused" by a person's conduct. *Id*. at 1170. There, the defendant induced Customs and Border Protection officers to

4

discharge their firearms by continuing to flee after officers had pursued him for several minutes and activated their sirens and lights. *Id.* at 1171.

Whether a co-conspirator's act was reasonably foreseeable is a factual finding reviewed for clear error. *See United States v. Pessefall*, 27 F.3d 511, 515 (11th Cir. 1994).

Lamothe's co-conspirator, Gonzalez, used a BB gun in the robberies they committed in order to cause the perception that he had a real gun, as evidenced by the stills of the BP robbery and the BP clerk's statement to police that she had feared for her life.   After being stopped by law enforcement, Gonzalez then ignored commands to show his hands and rushed out of the vehicle, which "brought about" a firearm discharge by a police officer. *McQueen*, 670 F.3d at 1170.  Lamothe undertook joint criminal activity with Gonzalez, and inducing a police officer to discharge a firearm is a natural consequence of such a criminal venture. *Cover*, 199 F. 3d at 1275; *see also* U.S.S.G. § 1B1.3(a)(1)(B).  Therefore, the district court did not clearly err in determining the police officer was induced to discharge his firearm in a reasonably foreseeable manner, and the seven-level increase was not applied in error.

## II.

Lamothe next argues that the district court erred by applying a four-point increase because it was not shown that the BB gun used in the robberies at issue

was a "dangerous weapon" and in determining that the BB gun was not "merely brandished."

Pursuant to U.S.S.G. § 2B3.1(b)(2), if a dangerous weapon was "brandished" in the commission of a robbery, a defendant's base offense level is increased by three levels. U.S.S.G. § 2B3.1(b)(2)(E). If the dangerous weapon was "otherwise used," a defendant's base offense level is increased by four levels. *Id*. § 2B3.1(b)(2)(D).

We do not address and resolve issues when it is unnecessary to do so. *See Al Najjar v. Ashcroft*, 273 F.3d 1330, 1336 (11th Cir. 2001) (per curiam) ("Any decision on the merits of a moot . . . issue would be an impermissible advisory opinion." (internal quotation marks omitted)). When counts are separately grouped, the combined offense level is determined by adding the number of units involved to the offense level applicable to the group with the highest offense level. U.S.S.G. § 3D1.4.

Because the aforementioned seven-level increase was properly applied to Group Two, it was the group with the highest offense level, and even if a four-level increase was improperly applied to Group One, it did not affect the calculation of

6

Lamothe's combined offense level.  *See* U.S.S.G. § 3D1.4.  Therefore, the applicability of the increase is a moot issue.[1]  *Al Najjar*, 273 F.3d at 1336.

### III.

Lastly, Lamothe argues that the district court abused its discretion by sentencing him to a total of 84 months imprisonment, while his "far more culpable" co-defendant, Michael Gonzalez, only received 57 months.

Appellate courts review "all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). However, arguments not raised on appeal are deemed abandoned.  *Access Now, Inc. v. Southwest Airlines Co.*, 385 F.3d 1324, 1330 (11th Cir. 2004).

The reasonableness of a sentence is reviewed through a two-step process. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008).  The first step is to "ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the

---

[1] Even if this issue were not moot, we would determine that a dangerous weapon was "otherwise used" through the act of pointing a BB gun at a store clerk during the robbery.  *See* U.S.S.G. § 1B1.1, cmt. n.1 (enumerating BB guns as dangerous weapons, and also providing that an object not capable of inflicting death or serious injury but that is used 'in a manner that created the impression that the object was such an instrument" qualifies as a "dangerous weapon"); *United States v. Wooden*, 169 F.3d 674, 676 (11th Cir. 1999) (per curiam) (pointing a weapon at a specific person and threatening them amounts to more than "brandishing," and qualifies as "otherwise use").  Contrary to Lamothe's argument otherwise, this result is not affected by the government's failure to prove that the BB gun was operational. *See United States v. Vincent*, 121 F.3d 1451, 1455 (11th Cir. 1997) (explaining that fake weapons are treated as equivalent to real ones for purposes of dangerous weapon enhancements because of the threat of a violent or deadly confrontation they can precipitate).

Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence." *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Second, if the district court did not significantly err procedurally, the sentence is reviewed for substantive reasonableness. *Id*. Substantive reasonableness review seeks to "evaluate whether the sentence imposed by the district court fails to achieve the purposes of sentencing as stated in section 3553(a)." *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005) (per curiam). The court must impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, pertinent policy statements, the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

A well-founded claim of sentencing disparity assumes "that apples are being compared to apples." *United States v. Mateo-Espejo*, 426 F.3d 508, 514 (1st Cir.

8

2005).  We have held that defendants who cooperated with the government and entered a written plea agreement are not similarly situated to co-defendants who did not do so, and there is no unwarranted sentencing disparity even where the cooperating defendant's sentence is "substantially shorter."  *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009) (quoting *United States v. Williams*, 526 F.3d 1312, 1323 (11th Cir. 2008) (per curiam)).

District courts do not have to conduct an accounting of every factor and explain the role each played in the sentencing decision.  *United States v. Robles*, 408 F.3d 1324, 1328 (11th Cir. 2005) (per curiam).  We will vacate a sentence imposed by a district court only when left with a "definite and firm conviction that the district court committed a clear error in judgment."  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted).  While we have not adopted a presumption of reasonableness for sentences within the guidelines range, *United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007), we have stated that "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one."  *Talley*, 431 F.3d at 788.  Moreover, the reasonableness of a sentence may also be indicated where the sentence imposed is well below the statutory maximum sentence.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per

9

curiam).   The statutory maximum for affecting commerce by robbery is 20 years. 18 U.S.C. § 1951(a).

Lamothe only addresses the district court's § 3553(a) analysis on appeal, so our inquiry is limited to substantive reasonableness.  *Access Now, Inc.*, 385 F.3d at 1330.  Furthermore, in light of the record and the § 3553(a) factors, Lamothe's total sentence was not substantively unreasonable.

Lamothe advocates a reevaluation of the § 3553(a) factors, but we cannot vacate a sentence just because we would have weighed the factors differently. *Irey*, 612 F.3d at 1191.  The district court explicitly stated it had considered the § 3553(a) factors.  It also stated that it gave particular weight to Lamothe's criminal history and the circumstances of his offense.  Considering Lamothe's criminal history category and the danger inherent in robbing convenience stores, the total sentence did not amount to a "clear error in judgment." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted).  This is especially true since the total sentence was within the applicable guideline range. *Talley*, 431 F.3d at 788. Furthermore, the total sentence was far below the authorized statutory maximum, another indicator of reasonableness. *Gonzalez*, 550 F.3d at 1324.  There was also not an unwarranted sentencing disparity between his total sentence and the sentence of his co-conspirator, Gonzalez.  Lamothe did not enter a plea agreement or cooperate with the government like Gonzalez did.  He also had a higher criminal

history category than Gonzalez. Therefore, juxtaposing Lamothe's sentence and Gonzalez's would not be comparing apples to apples. *Mateo-Espejo*, 426 F.3d at 514. Given the deference afforded district court decisions under abuse of discretion review, there was no error as to the substantive reasonableness of Lamothe's total sentence.

In sum, a seven-level increase in the offense level for Group Two of Lamothe's grouped counts was properly applied because it was reasonably foreseeable for his co-conspirator to induce law enforcement to discharge a firearm. Because the district court did not err in applying that enhancement, the issue of whether a four-level increase was properly applied to Group One of the counts is moot. Lamothe's total sentence was substantively reasonable. Accordingly, we affirm the 84-month total sentence.

**AFFIRMED.**